# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS JAMES PECK,

          Plaintiff,

v.

RICHARD SCHMIDT, JANE AND JOHN DOE JAIL OFFICERS, JANE AND JOHN DOE MEDICAL STAFF, JANE AND JOHN DOE MOBILE X-RAY EMPLOYEES, and JOHN DOE INMATE,

          Defendants.

Case No. 17-CV-1800-JPS

**ORDER**

        Plaintiff, who is incarcerated at the Milwaukee County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2).

        Normally, the Court would first assess an initial partial filing fee ("IPFF") pursuant to 28 U.S.C. § 1915(b)(1). However, Plaintiff's prison trust account records show that, during his brief period of incarceration thus far, he only momentarily had a positive balance in his account, and he is currently well into the red. Consequently, Plaintiff's IPFF as calculated using the statutory formula would be zero, obviating the need for the Court to assess it. Because the Prison Litigation Reform Act ("PLRA") mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an IPFF, *id.* § 1915(b)(4), Plaintiff will be granted a waiver of the IPFF in this case. However, he is

still obligated to pay the full filing fee pursuant to the installment scheme set forth in the PLRA. *See id.* § 1915(b)(1)–(2).

Having determined that Plaintiff need not pay the IPFF, the Court next turns to screening his complaint. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881

(7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations concern an attack he suffered at the hands of a fellow inmate as well as the medical care he thereafter received. On November 13, 2017, he was attacked by a "mentally ill" inmate while sitting

in the dayroom. (Docket #1 at 2). The inmate hit him repeatedly with a chair. *Id.* The blows injured Plaintiff's left hand and fingers. *Id.* Once correctional officers subdued the attacker, medical staff were summoned to attend to Plaintiff. *Id.*

Initially, they diagnosed him with swelling in one of the fingers of his left hand. *Id.* at 3. He continued to complain of severe finger pain for weeks, but medical staff refused to give him pain medication. *Id.* Plaintiff underwent two x-rays which showed no injury to his finger. *Id.* Nevertheless, he continued to complain of chronic pain, and a third x-ray showed that his finger was in fact broken. *Id.* He was rushed to an appointment with an outside specialist, who conducted immediate surgery on the finger. *Id.*

Plaintiff complains of two things. First, he says that prison staff failed to protect him from the attack by his fellow inmate. *Id.* at 4. Second, Plaintiff claims that he was provided constitutionally inadequate medical care. *Id.*

Plaintiff's allegations, while they appear straightforward, present several difficulties. First, Plaintiff cannot proceed against the inmate who attacked him. Section 1983 exists to remedy constitutional violations by those acting under color of state law, *West v. Atkins*, 487 U.S. 42, 49 (1988), and a fellow inmate is not a state actor, *Gulley–Fernandez v. Naseer*, Case No. 16-CV-133, 2016 WL 2636274, at *2 (E.D. Wis. May 5, 2016). If Plaintiff believes he has a claim against the inmate for battery, that is a matter for a state, not federal, court.

Second, the Court must dismiss Plaintiff's failure-to-protect claim. Such claims are rooted in the Eighth Amendment, which imposes upon prison officials the duty to "take reasonable measures to guarantee the safety of the inmates," including protecting them from other prisoners.

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a failure-to-protect claim, an inmate must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) the defendants acted with "deliberate indifference" to that risk. *Id.*; *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Deliberate indifference" here means that "the defendants knew of and disregarded [the] risk" of harm. *Wilson v. Ryder*, 451 F. App'x 588, 589 (7th Cir. 2011). Further, "a generalized risk of violence is not enough, for prisons are inherently dangerous places." *Id.* Instead, the prisoner must allege a tangible threat to his safety, the risk of which is "so great" that it is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911.

Plaintiff has not alleged facts giving rise to an inference that his fellow inmate posed a substantial risk of serious harm, or that Defendants acted with deliberate indifference to that risk. Nowhere in his complaint does Plaintiff allege that any Defendant knew or had any reason to know that the inmate in question would attack anyone, other than accusing him of being mentally ill. Unspecified "mental illness" does not itself give rise to a propensity to physical violence. If it led this inmate to attack on a particular occasion, that is unfortunate, but without more, such an incident cannot be laid at Defendants' feet on a failure-to-protect theory.

Third, in light of the dismissal of the failure-to-protect claim, the correctional officer Doe defendants must be dismissed. Individuals are liable under Section 1983 only for their own actions, not the actions of their colleagues or of those they supervise. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In other words, there is no vicarious liability for constitutional violations under Section 1983. *Id.* Plaintiff does not allege that

any correctional officer played any part in his purportedly inadequate healthcare, and as such none of them can be held liable for it.

With these defects in the complaint addressed, the Court finds that Plaintiff has alleged facts sufficient to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against the Doe defendants who are medical staff at the institution and "mobile [x-ray] employees." *See* (Docket #1 at 1). To state such a claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

While the diagnostic error in this case might ultimately be explained as mere inadvertence, at the present stage the Court, generously construing Plaintiff's allegations, find that he states a claim against Defendants for failure to properly diagnose his broken finger. Additionally, a deliberate indifference claim could proceed on the theory that Defendants ignored Plaintiff's repeated complaints of severe pain. Either way, Plaintiff has crossed the minimum threshold needed to advance. Further, although

Plaintiff has not identified any of his healthcare providers by name, he can use the discovery tools available to him to ascertain their identities.[1]

This leads the Court into its final housekeeping matter: Defendant Richard Schmidt ("Schmidt"), Acting Sheriff of Milwaukee County. Plaintiff's deliberate indifference claim very likely cannot proceed against him on its merits. Plaintiff does not allege that Schmidt had notice of the attack against Plaintiff, the nature of Plaintiff's injuries, the care Plaintiff was provided, or Plaintiff's ongoing complaints of pain. Without personal knowledge of and involvement in the acts or omissions that caused Plaintiff injury, Schmidt cannot be liable on a claim of deliberate indifference to Plaintiff's medical needs. *Gentry*, 65 F.3d at 561 (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye").

However, the Court will retain Schmidt as a defendant in this case, if only to facilitate service of the complaint and identification of the remaining Doe defendants. *See Duncan v. Duckworth*, 644. F.2d 653, 655 (7th Cir. 1981). Plaintiff is advised that in the Court's scheduling order, which will be issued after Schmidt is served, he will be afforded a period of time in which to conduct discovery into the identities of the remaining Doe defendants. He should seek this information from Schmidt. Failure to

---

[1] It is unclear at this time who the x-ray employees worked for. If they worked for the Milwaukee County Jail, they constitute state actors who may be liable under Section 1983. If they worked for a private firm, the result is less clear; those employees would likely only be amenable to suit under Section 1983 if the firm had a contract to provide healthcare services to inmates like Plaintiff. *See West*, 487 U.S. at 54; *Rodriguez v. Plymouth Ambulance Servs.*, 577 F.3d 816, 824 (7th Cir. 2009).

amend the complaint to identify the Doe defendants by the deadline set forth in the scheduling order may result in dismissal of this action.

For the reasons stated above, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Schmidt and the prison medical staff and mobile x-ray employees, sued as Jane and John Does. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Jane and John Doe Jail Officers and John Doe Inmate be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance

with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Plaintiff need not mail copies to Defendants. All Defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the Court.

The Court further advises Plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge