# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS JAMES PECK,

                Plaintiff,

v.

RICHARD SCHMIDT, NURSE JACKIE, DR. MERCY, and JANE OR JOHN DOE MOBILE X-RAY EMPLOYEE,

                Defendants.

Case No. 17-CV-1800-JPS

**ORDER**

Plaintiff, who is incarcerated at the Milwaukee County Jail (the "Jail"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). In its scheduling order, the Court granted Plaintiff leave to amend his complaint prior to March 1, 2018. (Docket #15 at 1). On February 28, 2018, Plaintiff submitted an amended complaint, (Docket #18), which the Court will now screen pursuant to 28 U.S.C. § 1915A.

Notwithstanding the payment of any fee, Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The same standards applicable in the first screening order remain applicable here. (Docket #8 at 1–3).

Plaintiff's allegations in the amended complaint are functionally identical to those in the original complaint. As before, Plaintiff alleges that he received inadequate medical care for an injury to his finger sustained during an attack by a fellow inmate. (Docket #18 at 2). Plaintiff claims that two medical personnel at the Jail, identified as "Nurse Jackie" and "Dr. Mercy," as well as a "mobile x-ray employee," identified only as John or Jane Doe, misdiagnosed his broken finger and failed to treat his ongoing complaints of pain. *Id.* at 2–3. This is, as the Court previously held, sufficient for screening purposes to state a claim of deliberate indifference to a serious medical need, in violation of the Eighth Amendment. *See* (Docket #8 at 6); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).[1]

The only major difference between the original and amended complaints is that Plaintiff has now identified two of the three defendants. *See* (Docket #18 at 1–2). In the original complaint, Plaintiff identified all of the defendants as Does except the Milwaukee County Sheriff, Richard Schmidt ("Schmidt"). (Docket #8 at 7). The Court found that Plaintiff's claim of deliberate indifference could not proceed against Schmidt, as Schmidt had no involvement in or knowledge of Plaintiff's medical care. *Id.* However, the Court allowed Schmidt to be served so that Plaintiff could undertake discovery to learn the identities of the true defendants. *Id.* at 7–8. In the scheduling order, the Court set a deadline of May 1, 2018 for Plaintiff to identify the Does or they would be dismissed. (Docket #15 at 2–3).

---

[1] Further, Plaintiff reports that Nurse Jackie and Dr. Mercy are employees of Armor Correctional Health Services ("Armor"), which contracts with Milwaukee County to provide medical care to Jail inmates. *See* (Docket #18 at 1–2). Employees of Armor are therefore amenable to suit under 42 U.S.C. § 1983. *See Rodriguez v. Plymouth Ambulance Servs.*, 577 F.3d 816, 824 (7th Cir. 2009).

It appears Plaintiff has been successful in identifying Nurse Jackie and Dr. Mercy but has not been able to discover the identity of the "mobile x-ray employee." *See* (Docket #18-1 at 1–2). In a letter attached to his amended complaint, Plaintiff describes his efforts toward that end. He reports that he has written letters to the Clerk of this Court and to Schmidt's counsel, neither of whom has provided the person's identity. *Id.* at 1. Similarly, informal conversations with correctional officers and other Jail medical staff have not been fruitful. *Id.* Of course, none of these actions was guaranteed any measure of success, as letters and conversations are not a substitute for discovery requests served in conformity with the Federal Rules of Civil Procedure. Thus, it is not surprising that Plaintiff has not reaped much from his efforts to-date.

In light of Plaintiff's amended allegations and his continuing efforts to identify the remaining Doe defendant, the wisest use of the parties' and the Court's resources will be to proceed as follows. First, the Court will dismiss Schmidt as a defendant and order service on Nurse Jackie and Dr. Mercy. Second, once they are served and enter their appearances, Plaintiff can use the discovery procedures outlined in the Federal Rules of Civil Procedure to request that Nurse Jackie and Dr. Mercy identify the remaining Doe defendant. The Court will issue an amended scheduling order once Nurse Jackie and Dr. Mercy appear, including a new deadline by which Plaintiff must identify the remaining Doe defendant.

For the reasons stated above, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Nurse Jackie, Dr. Mercy, and the mobile x-ray employee, sued as John or Jane Doe. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #18) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that Defendant Richard Schmidt be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this Order upon Defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the amended complaint; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge