# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENNIS JAMES PECK,<br><br>       Plaintiff,<br><br>v.<br><br>JACKIE PITTERLE, MERCY MAHAGA, and JANE OR JOHN DOE MOBILE X-RAY EMPLOYEE,<br><br>       Defendants. | Case No. 17-CV-1800-JPS<br><br><br>**ORDER** |

  Plaintiff, who is presently incarcerated at the Dodge Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that he was provided constitutionally inadequate medical care for a finger injury while he was housed at the Milwaukee County Jail (the "Jail"). (Docket #1). He filed a first amended complaint on February 28, 2018, which the Court screened on March 5, 2018. (Docket #18, #20). Upon screening the amended complaint, the Court permitted Plaintiff to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against two medical personnel at the Jail, Jackie Pitterle ("Pitterle") and Mercy Mahaga ("Mahaga"), as well as a "mobile x-ray employee," identified only as John or Jane Doe. (Docket #20 at 2). This Doe defendant has not yet been identified.

  On May 16, 2018, Plaintiff submitted a motion to join two additional defendants: Dr. Yasser Mir ("Mir") and Dr. Steven Picerne ("Picerne"), radiologists who interpreted x-rays of Plaintiff's finger injury. (Docket #35). Plaintiff apparently believes that Mir and Picerne misread the x-rays and

misdiagnosed his injury. The Court denied his motion, noting that parties must be joined in an amended complaint which contains all of Plaintiff's allegations against all defendants. (Docket #37 at 1–2). Parties and factual allegations cannot be added to this suit in piecemeal fashion. *Id.* To give him time to craft a proper amended complaint joining these new individuals, the Court granted Plaintiff until June 8, 2018, to file an amended complaint without the Court's leave. *Id.* at 2.

Presently before the Court is Plaintiff's second amended complaint, filed on June 1, 2018. (Docket #38). As with the prior complaints, the Court must screen the second amended complaint pursuant to 28 U.S.C. § 1915A. The same legal principles that governed the earlier screenings apply here. *See* (Docket #8 at 1–3).

Plaintiff's second amended complaint must be rejected, as it suffers from numerous deficiencies borne of his misunderstanding of the applicable procedural rules. First, he names Pitterle, Mahaga, Mir, and Picerne in the caption of the complaint, but his factual allegations only touch on Mir and Picerne's allegedly incorrect x-ray readings. (Docket #38 at 1–2). The second amended complaint says nothing at all about Plaintiff's finger injury or the care provided (or not provided) by Mahaga, Pitterle, or the mobile x-ray employee. Those matters are, however, detailed in the first amended complaint. *See* (Docket #18, #20).

In its recent order, the Court very clearly warned Plaintiff that his second amended complaint had to be complete in itself, without reference to any prior complaint. (Docket #37 at 2). In other words, Plaintiff needed to include all of his allegations against Pitterle, Mahaga, Mir, Picerne, and the mobile x-ray employee in one document. He did not do so.

Normally, the filing of an amended complaint automatically supersedes any prior complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). In this case, that would mean that Mahaga, Pitterle, and the mobile x-ray employee would stand dismissed, as there are no factual allegations against them in the second amended complaint. With those defendants out of the case, the Court would have to assess whether claims against Mir and Picerne could proceed. But in prisoner litigation, the Court decides whether an amended complaint will become the operative pleading through its obligation to screen complaints under Section 1915A. In this instance, the Court exercises that discretion to reject the second amended complaint and retain the first amended complaint as the operative complaint in this action.

The Court reaches this decision for several reasons. First, it is obvious that Plaintiff mistakenly believed that he simply needed to submit his allegations against Mir and Picerne in a document captioned "complaint," without restating his allegations against the other defendants. This is not correct, as the Court has explained. Second, Plaintiff's allegations against Mir and Picerne are undoubtedly without merit. Misdiagnosing Plaintiff's injury does not rise to the level of deliberate indifference to his serious medical needs. *See Zackery v. Mesrobian*, 299 F. App'x 598, 601 (7th Cir. 2008); *Williams v. Guzman*, 346 F. App'x 102, 106 (7th Cir. 2009). Instead, it is at worst medical negligence, something for which the Constitution does not provide a remedy. *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even

gross negligence does not constitute deliberate indifference.")[1] Thus, if the Court were to accept the second amended complaint, it would have to immediately dismiss this action in its entirety. That cannot be the result Plaintiff sought.

The only sensible explanation for Plaintiff's second amended complaint is that it is an aberration, the consequences of which Plaintiff did not intend to face. Out of consideration for his *pro se* status, the Court will not accept the second amended complaint. It will instead retain the first amended complaint as the operative complaint in this action. No further amended complaints will be permitted without leave of the Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's second amended complaint (Docket #38) is **REJECTED** pursuant to 28 U.S.C. § 1915A;

**IT IS FURTHER ORDERED** that Plaintiff's first amended complaint (Docket #18) shall remain the operative complaint in this action; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

---

[1] Plaintiff suggests in his second amended complaint that he wants to proceed against Mir and Picerne under state law. (Docket #38). But he does not allege a proper basis for federal subject-matter jurisdiction over any state law claims, as he admits that the amount in controversy here is only $50,000, well short of the $75,000 threshold needed to support diversity jurisdiction under 28 U.S.C. § 1332. Further, it appears that all defendants are citizens of Wisconsin, making the exercise of diversity jurisdiction impossible. Moreover, the Court would decline to exercise supplemental jurisdiction over his medical negligence claims against Mir and Picerne under 28 U.S.C. § 1367, as he provided no evidence that he even attempted to comply with Wisconsin's mandatory notice-of-claim procedure prior to asserting malpractice claims against these state-employed physicians. *See* Wis. Stat. § 893.82; *McCullough v. Lindblade*, 513 F. Supp. 2d 1037, 1039 (W.D. Wis. 2007). The time for complying with that procedure has elapsed.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge