# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENNIS JAMES PECK,<br><br>        Plaintiff,<br><br>v.<br><br>JACKIE PITTERLE, MERCY MAHAGA, and UNKNOWN MOBILE X-RAY EMPLOYEES,<br><br>        Defendants. | Case No. 17-CV-1800-JPS<br><br>**ORDER** |

On March 5, 2018, this Court screened the operative *pro se* complaint and allowed Plaintiff to proceed on a claim of deliberate indifference to a serious medical need in violation of his Eighth Amendment rights. (Docket #20).[1] On October 25, 2018, Nurses Jackie Pitterle ("Pitterle") and Mercy Mahaga ("Mahaga") (collectively "Defendants") moved for summary judgment. (Docket #41). The Court allowed Plaintiff an extension of time to oppose the motion. (Docket #50). That motion is now fully briefed. For the reasons explained below, Defendants' motion for summary judgment will be granted, and the case will be dismissed.

**1. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] The Court ordered Plaintiff to amend his pleadings to identify the unknown x-ray employee defendant by June 18, 2018. (Docket #28). However, Plaintiff's amended complaint naming the x-ray technicians was rejected. (Docket #39). Accordingly, the unknown mobile x-ray employee defendant must be dismissed from this action.

matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the nonmovant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). The court must not weigh the evidence presented or determine credibility of witnesses; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). The party opposing summary judgment "need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

2.     **RELEVANT FACTS**

On November 13, 2017, Plaintiff injured his left ring finger in an unprovoked altercation with another inmate at the Milwaukee County Jail ("MCJ"). Pitterle responded to the call for emergency services, and conducted an urgent care assessment during which she examined Plaintiff's finger and took his vitals. She determined that Plaintiff had possible trauma to his finger. Pitterle was not empowered to prescribe medication or order diagnostic testing, so she informed Mahaga of her findings. Mahaga also conducted an examination of Plaintiff's finger and observed it to be swollen, bleeding, and tender, with a limited range of motion. Based on this, Mahaga ordered two x-rays of Plaintiff's hand in order to determine whether it was broken, and Plaintiff was taken to the clinic for further

attention. Pitterle had no further interaction with Plaintiff, and no further involvement in his treatment or care.

While Mahaga and Plaintiff waited for the x-ray technician, Mahaga prescribed 30 days of ibuprofen to treat the swelling and pain in Plaintiff's hand. Plaintiff's x-rays were taken, and a radiologist interpreted them that day. The radiologist concluded that Plaintiff's finger was not broken. Mahaga reviewed the radiologist's findings and ruled out any other injures or dislocations. Plaintiff took the ibuprofen that Mahaga prescribed for 10 days, and did not report any issues until November 17, 2017, when he complained to Nurse Harline Gray ("Gray") that he was unable to move or feel his finger. Gray reported the complaint to Mahaga, but Mahaga did not order any changes in treatment because Plaintiff's condition appeared the same as it was on November 13, 2017, when she and the radiologist ruled out fracture.

On November 23, 2017, Plaintiff complained to Nurse Tanya Chiaspusio ("Chiaspusio") of pain to his left ring and pinkie finger. Chiaspusio noted that his left middle finger was tender, swollen, and had no range of motion. She wrapped the finger and told Plaintiff to elevate it when possible, then reported the status of Plaintiff's injury to Mahaga. In light of this report, and given the apparent lack of bone injury, Mahaga began to suspect an infection and prescribed a round of antibiotics. Following this prescription, Mahaga had no further involvement in Plaintiff's treatment and care.

On November 24, 2017, Nurse Nichole Giuli ("Giuli") observed that Plaintiff's finger was still swollen and warm, but did not observe any redness or open wounds. His temperature was normal. Giuli advised Plaintiff to complete the round of antibiotics, and wrapped the finger. On

November 25, 2017, Giuli again provided care to Plaintiff's finger, but this time noticed that not only had his condition not improved, but his temperature had increased as well. Giuli spoke with Nurse Alyssa Sekaldo ("Sekaldo") about Plaintiff's deteriorating condition. Sekaldo ordered additional medication to control the redness, swelling, and potential infection, and scheduled a medical appointment for November 27, 2017. Giuli wrapped the finger again.

On November 29, 2017, Plaintiff received a second set of x-rays of his left hand. Again, the radiologist found no fracture or bone issues. On December 8, 2017, Plaintiff received a third set of x-rays of his left hand. This time, the radiologist found that one of his middle finger joints was dislocated. Plaintiff was referred to a hand specialist and received surgery to correct the dislocation. Based on these events, Plaintiff complains that Mahaga and Pitterle incorrectly diagnosed him and withheld appropriate medical attention.

3.  **ANALYSIS**

Prisoners are entitled to a minimal level of healthcare while in custody. *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016). The Eighth Amendment is violated when the prisoner shows that they "suffered from an objectively serious medical condition," and that "the individual defendant was deliberately indifferent to that condition." *Id.* at 728. The *Gayton* case neatly summarizes the claim:

> [T]he plaintiff must show that: (1) [he] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating h[im]; and (3) this indifference caused h[im] some injury. An objectively serious medical condition is one that has been diagnosed by a physician as

> mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.
>
> With regard to the deliberate indifference prong, the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. Simply put, an official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Even if a defendant recognizes the substantial risk, he is free from liability if he responded reasonably to the risk, even if the harm ultimately was not averted.

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (citations and quotations omitted). In sum, "deliberate indifference means actual, personal knowledge of a serious risk, coupled with the lack of any reasonable response to it." *Ayoubi v. Dart*, 724 F. App'x 470, 474 (7th Cir. 2018).

Plaintiff does not dispute that he received medical care from MCJ medical staff for his injured finger. However, he contends that the x-ray technicians, who the Court declined to allow Plaintiff to include for reasons

explained in its prior order, erred when evaluating the first and second sets of x-rays. *See* (Docket #39). Plaintiff further argues that "a visual evaluation to [his] injury would have shown a clear indication of an osseous lesion and dislocation. . .that Milwaukee County Jail's medical staff deliberately ignored," but he has been unable to acquire photographs that were taken of the injury, which he claims corroborate his account. (Docket #52 at 5).

Essentially, Plaintiff argues that his injury was so obvious that Pitterle and Mahaga must have been deliberately indifferent to it. However, Plaintiff has provided no evidence of the obviousness of his injury. More importantly, even if he had provided evidence that the injury was obvious, the uncontroverted facts suggest that neither Pitterle nor Mahaga responded unreasonably to Plaintiff's complaints. To the contrary, the facts are that Pitterle conducted an examination of Plaintiff's hand and, upon observing injury, immediately informed her superior, Mahaga. In turn, Mahaga promptly ordered a set of x-rays, accompanied Plaintiff to the clinic, reviewed the radiologist's conclusions, and responded to later reports of potential infection by prescribing a course of antibiotics. The evidence demonstrates that Defendants took reasonable steps to ensure that Plaintiff's medical needs were met; there is no evidence by which a reasonable jury could reach a contrary conclusion. Accordingly, the Court must grant Defendants' motion for summary judgment.

4.  **CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment will be granted, and the case will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that the unnamed X-Ray Employees be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Docket #41) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge